

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50414 | **DATE** | 4/12/2002 |
| **CASE TITLE** | McNEW vs. MASSANARI | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the court accepts the findings and recommendations made by the Magistrate Judge that plaintiff's motion for summary judgment be granted, the defendant's motion for summary judgment be denied, and the ALJ's decision in this matter be reversed and remanded for a calculation of benefits.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 17 2002 date docketed | 13 |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. ✓ | | 4-16-02 date mailed notice | |
| /SEC | courtroom deputy's initials | 02 APR 16 PM 4:19 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Derbin C. McNew, was born on February 4, 1940 and compiled a nearly 35 year work history from 1961 to 1995. He applied to the Social Security Administration (SSA) for disability insurance benefits on February 23, 1995 claiming a disability which originated on November 12, 1994. (Tr. 69-72). SSA denied his benefits and McNew requested a hearing before the Administrative Law Judge (ALJ). After hearing the case on August 28, 1996, the ALJ issued a decision that McNew was not under a disability (Tr. 198-213). The Appeals Council remanded for a new hearing (Tr. 220-21) because the transcript tape recording of the original hearing was certified lost (Tr. 217). A second hearing was conducted December 15, 1998 (Tr. 36-69) during which McNew presented additional medical evidence supporting his claim of disability. McNew's claim was again denied by the ALJ (Tr. 14-24) and his request for review was denied by the Appeals Council (Tr. 6-7). McNew then sued the Commissioner of Social Security (Commissioner) pursuant to 42 U.S.C. § 405(g). On November 13, 2001, Magistrate Judge P. Michael Mahoney issued a report and recommendation that the decision of the Commissioner be reversed and remanded for calculation of benefits. Before the court is the Commissioner's objection to the Magistrate Judge's report and recommendation filed in accordance with 28 U.S.C. § 636(b)(1)(C).

The Social Security Act, 42 U.S.C. § 405(g) requires the Commissioner's findings to be sustained if supported by substantial evidence. Therefore, the court will reverse the Commissioner's findings only if they are not supported by substantial evidence. Clifford v. Apfel, 227 F.3d 863, 869 (7th Cir. 2000). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). In a substantial evidence determination, the court reviews the entire administrative record, but does not re-weigh the evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the Commissioner. See Powers v. Apfel, 207 F.3d 431, 434-35 (7th Cir. 2000). While the ALJ is not required to address every piece of evidence, he must build an accurate and logical bridge from the evidence to his conclusion. Clifford, 227 F.3d at 872.

In order to determine whether a claimant is disabled, the Commissioner proceeds through a five step analysis. See 20 C.F.R. § 404.1520(a)-(f). The first four steps of the ALJ's analysis are not at issue in this case. At step five the Commissioner has the burden of proving that claimant has the capability to perform other work in the national economy. See Cifford, 227 F.3d at 873. Under step five, the ALJ determined that McNew has the residual functional capacity (RFC) to perform a limited range of heavy work and that he could perform jobs existing in significant numbers in the national economy. (Tr. 20- 21). Thus, McNew was not disabled according to 20 C.F.R. § 404.1520(f). Magistrate Judge Mahoney, in a comprehensive twenty-three page report and recommendation, detailed the deficiencies in the ALJ's analysis and held that the ALJ's determination was not supported by substantial evidence because it failed to build an accurate and logical bridge from the evidence to the conclusion.

The Commissioner objects to the Magistrate Judge's findings that the ALJ did not build an accurate and logical bridge from the evidence to conclusion. The court holds that the Magistrate Judge did not re-weigh the evidence, but merely noted that the ALJ, by ignoring or giving little weight to much of the medical evidence, failed to develop the necessary bridge from evidence to conclusion. For example, the ALJ stated that "the treatment has been generally successful in controlling [McNew's] symptoms." (Tr. 18). However, this conclusion is contradicted by the notes of the treating physician, Dr. Hess, who treated McNew from 1994 to 1998. Dr. Hess' treatment notes actually indicate that McNew's anxiety varied from month to month but was not described as controlled. (Tr. 149-63, 168-72, 196-97, 231-250 and 257-265). Furthermore, the ALJ does not build a logical bridge to explain his conclusion that McNew's symptoms were controlled by treatment. If in fact McNew's symptoms were controlled by medications, the treatment should have logically been expected to remain the same from month to month since it was effective. Instead, McNew's medications were being altered on a regular basis due to both his intolerance of some of the drugs and the ineffectiveness of others. Since the ALJ did not build a logical bridge to explain his conclusion that McNew's symptoms were generally controlled, and the medical evidence in the record contradicted such a conclusion, the ALJ's determination was not supported by substantial evidence. See Clifford, 227 F.3d at 870 (noting that "an ALJ must not substitute his own judgement for a physician's opinion without relying on other medical evidence or authority in the record.").

The next issue is whether the appropriate remedy is to remand for calculation of benefits as recommended in the Magistrate Judge's report, or for further vocational testimony as urged by the Commissioner. Unless the record can yield but one supportable conclusion, the ALJ's determination is essentially a factual finding best left to the Commissioner to address in the first instance. See Campbell v. Shalala, 988 F.2d 741, 744 (7th Cir. 1993). The record in this case, however, can yield only the conclusion that the plaintiff is disabled. The records from physicians Dr. DiSanti and Dr. Srivastava indicate that McNew suffers from dementia or memory loss and that his medications caused side effects such as Parkinson's symptoms of pressured speech and a shuffling gait. (Tr. 267-298). Conditions such as these meet or equal the listed impairments in 20 C.F.R. Ch. III, Part 404, Subpart P, App. 1. See 20 C.F.R. Ch. III, Part 404, Subpart P, App. 1, §§ 11.06, 12.02, & 12.06. Therefore, McNew is disabled according to 20 C.F.R. § 404.1520(d). In light of the SSA's regulations, it is clear that McNew is disabled and remand for determination of benefits is the appropriate remedy.

For these reasons, the court accepts the findings and recommendations made by the Magistrate Judge that plaintiff's motion for summary judgement be granted, the defendant's motion for summary judgment be denied, and the ALJ's decision in this matter be reversed and remanded for a calculation of benefits.